1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Rodolfo Valenzuela,

                  Plaintiff,

    v.

Federal Bureau of Investigation,

                  Defendant.

Case No. 2:23-cv-02030-CDS-DJA

**Order**

11

12

13

Pro se Plaintiff Rodolfo Valenzuela filed an application to proceed *in forma pauperis*. (ECF No. 1).  However, Plaintiff's application is missing certain information.  The Court thus denies Plaintiff's application without prejudice.

14

**I.**    <u>**Discussion.**</u>

15

16

17

18

19

20

21

22

23

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor."  The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015).  An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co*., 335 U.S. 331, 339 (1948).

24

25

26

27

28

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted).  If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed *in forma pauperis*. *See, e.g*., *Marin v. Hahn*, 271

1    Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by

2    denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his

3    poverty adequately").  "Such affidavit must include a complete statement of the plaintiff's

4    personal assets."  *Harper v. San Diego City Admin. Bldg.*, No. 16-cv-00768 AJB (BLM), 2016

5    U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016).  Misrepresentation of assets is sufficient

6    grounds for denying an *in forma pauperis* application.  *Cf. Kennedy v. Huibregtse*, 831 F.3d 441,

7    443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on

8    *in forma pauperis* application).

9        On his application, in response to question two Plaintiff claims to make $1,600 per month,

10    but does not answer whether he is employed or by whom.  (ECF No. 1 at 1).  In response to

11    questions five and six, Plaintiff claims to own no items of value and have no housing or other

12    regular monthly expenses.  (*Id.* at 2).  On the docket, Plaintiff includes an address.  The Court

13    takes judicial notice of the fact that public records reveal the address is a house.  Plaintiff does not

14    provide any details in the application regarding whether he pays a mortgage or rent, how he pays

15    utilities or other bills, or why he is unable to pay the filing fee given his assertion to be making

16    money from employment but paying no bills other than an unspecified debt to Bank of America

17    that he lists as "over [$]1,000."  The Court finds that Plaintiff has omitted information from the

18    application.  As a result, the Court cannot determine whether Plaintiff qualifies for *in forma*

19    *pauperis* status.

20        The Court will give Plaintiff one opportunity to file a complete *in forma pauperis*

21    application.  The Court further orders that Plaintiff may not respond with a zero or "not

22    applicable" in response to any question without providing an explanation for each of the

23    questions.  Plaintiff also may not leave any questions blank.

24        The Court denies Plaintiff's *in forma pauperis* application without prejudice.  The Court

25    gives Plaintiff 30 days to file an updated application.  Plaintiff must fully answer all applicable

26    questions and check all applicable boxes.  Plaintiff may alternatively pay the filing fee in full.

27    Since the Court denies Plaintiff's application, it does not screen the complaint at this time.

28

1    **IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma*

2    *pauperis* (ECF No. 1) is **denied without prejudice.**

3    **IT IS FURTHER ORDERED** that Plaintiff has until **March 29, 2024** to file an updated

4    application to proceed *in forma pauperis* as specified in this order or pay the filing fee.  Failure to

5    timely comply with this order may result in a recommendation to the district judge that this case

6    be dismissed.

7    **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to mail Plaintiff

8    a copy of this order and of the Short Form application to proceed *in forma pauperis* and its

9    instructions.[1]

10

11    DATED: February 28, 2024

12    _____

13    DANIEL J. ALBREGTS
      UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27
28    [1] This form and its instructions can also be found at https://www.nvd.uscourts.gov/court-information/forms/ under Code AO 240.