**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Rodolfo Valenzuela, | Case No. 2:23-cv-02030-JAD-DJA |
| Plaintiff, | |
| v. | **Order** |
| Federal Bureau of Investigation, | |
| Defendant. | |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*.  (ECF No. 5).  Plaintiff also submitted a complaint.  (ECF No. 1-1).  Because the Court finds that Plaintiff's application is complete, it grants his application to proceed *in forma pauperis*.  However, because the Court finds that Plaintiff's complaint does not properly assert sufficient facts, it dismisses his complaint with leave to amend.

**I.  *In forma pauperis* application.**

Plaintiff filed the affidavit required by § 1915(a).  (ECF No. 5).  Plaintiff has shown an inability to prepay fees and costs or give security for them.  Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a).  The Court will now review Plaintiff's complaint.

**II.  Screening the complaint.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e).  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

1  complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70

2  F.3d 1103, 1106 (9th Cir. 1995).

3      Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a

4  complaint for failure to state a claim upon which relief can be granted. Review under Rule

5  12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d

6  719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of

7  the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp.*

8  *v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual

9  allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the

10  elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v.*

11  *Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations

12  contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*,

13  556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory

14  allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the

15  line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

16  Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings

17  drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal

18  construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

19      Federal courts are courts of limited jurisdiction and possess only that power authorized by

20  the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C.

21  § 1331, federal courts have original jurisdiction over "all civil actions arising under the

22  Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when

23  federal law creates the cause of action or where the vindication of a right under state law

24  necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277

25  F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the

26  "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a

27  federal question is presented on the face of the plaintiff's properly pleaded complaint."

28  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal

district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states."  Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

### A.     The Court dismisses Plaintiff's complaint without prejudice.

Plaintiff sues the Federal Bureau of Investigation, asserting that this Court has federal question jurisdiction over his claims.  (ECF No. 1-1 at 3).  Liberally construing Plaintiff's complaint, he asserts that the basis for this jurisdiction is the Freedom of Information Act and the Civil Rights Act of 1964.[1]  (*Id.*).  Plaintiff alleges "[d]enial of foia request. Very-serious terroristic threats to human life ignored, have to get own help." (*Id.* at 4).  Plaintiff includes additional allegations in the portion of the complaint form dedicated to Plaintiff's requested relief. (*Id.*).  However, those allegations do not include sufficient facts for Plaintiff's complaint to state a claim upon which relief can be granted.  (*Id.*).  Plaintiff does not explain what happened, when, who was involved, or why those actions violated his rights.  While the Court construes *pro se* complaints liberally, it cannot derive any claims upon which relief can be granted from Plaintiff's complaint as alleged.


**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 5) is **granted.**  Plaintiff shall not be required to pre-pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

---

[1] Plaintiff states that the basis for this Court's jurisdiction is "Foia denial, discrimination-neglect, hate-crime prevention help, civil-rights, administration of justice."  (ECF No. 1-1 at 3).  "Foia" appears to refer to the Freedom of Information Act.  And Plaintiff's reference to "civil rights" appears to refer to the Civil Rights Act of 1964.

1
2

    **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket but shall not issue summons.

3
4
5
6
7
8
9
10
11
12
13

    **IT IS FURTHER ORDERED** that the complaint (ECF No. 1-1) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **April 26, 2024,** to file an amended complaint if the noted deficiencies can be corrected.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete.  This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.  **Failure to comply with this order will result in the recommended dismissal of this case.**

14
15

    DATED: March 28, 2024.

16
17

                                     _____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

18
19
20
21
22
23
24
25
26
27
28