UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Rodolfo Valenzuela,<br><br>　　　　　Plaintiff<br><br>v.<br><br>Federal Bureau of Investigation,<br><br>　　　　　Defendant | Case No.: 2:23-cv-02030-JAD-DJA<br><br>**Order Adopting<br>Report & Recommendation and<br>Dismissing and Closing Case**<br><br>[ECF No. 10] |

　　　　Plaintiff Rodolfo Valenzuela brought this action against the Federal Bureau of Investigation for denying a Freedom of Information Act request.[1] The magistrate judge screened his complaint, found that it failed to state a plausible claim for relief, and dismissed Valenzuela's complaint with leave to amend by April 26, 2024. Valenzuela was cautioned that his failure to file an amended complaint by that deadline would result in the recommended dismissal of his case.[2] That deadline passed with no filing by Valenzuela, so the magistrate judge recommends dismissal.[3] Any objection to that recommendation was due by July 12, 2024, but Valenzuela neither objected nor moved to extend his time to do so. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed."[4]

---

[1] ECF No. 1-1.

[2] ECF No. 8 at 4.

[3] ECF No. 6.

[4] *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

  The law permits a district court to dismiss an action based on a party's failure to comply with a court order.[5] In determining whether to dismiss an action on this ground, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[6]

  The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[7] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

  The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal.[8] Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."[9] Because this action cannot proceed until and

---

[5] *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint).

[6] *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

[7] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[8] *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

[9] *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

2

unless plaintiff files an amended complaint, the only alternative is to enter a second order setting another deadline.  But the reality of repeating an ignored order is that it often only delays the inevitable and squanders finite resources along the way.  The circumstances here do not indicate that this case will be an exception: there is no hint that the plaintiff needs additional time nor evidence that he did not receive the court's order.  Setting another deadline is not a meaningful alternative given these circumstances.  So the fifth factor favors dismissal.

IT IS THEREFORE ORDERED THAT the Report and Recommendation **[ECF No. 10] is ADOPTED** in full, **this action is DISMISSED**, and the Clerk of Court is directed to **CLOSE THIS CASE.**  And because reasonable jurists would not disagree with this dismissal, *in forma pauperis* status should not continue on appeal.

_____
U.S. District Judge Jennifer A. Dorsey
July 24, 2024